R. Scott Taylor, OSB No. 74324
Clinton L. Tapper, OSB No. 084883
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| REBEKAH SCHULTZ,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>PROVIDENCE HEALTH PLAN,<br><br>　　Defendants. | CASE NO.:<br><br>COMPLAINT<br><br>ERISA Claim for Benefits<br>29 U.S.C. § 1132(a)(1)(B)<br><br>ERISA Claim for Breach of Fiduciary Duty 29 U.S. Code § 1109 |

REBEKAH SCHULTZ, By and through the undersigned counsel, does hereby appear and allege;

PARTIES, JURISDICTION and VENUE

1. At all times material, Plaintiff Rebekah Schultz (herein Plaintiff or Schultz) in an individual, domiciled in Lane County Oregon and employee of Far West Steel.

2. At all times material, Defendant PROVIDENCE HEALTH PLAN (herein Defendant or the Providence) is a health & welfare insurance company providing group health benefits, servicing the employer Farwest Steel Corporation, on reasonable information and belief,

Complaint - Page 1

Providence is the Plan administrator and Named Fiduciary of the Farwest Steel Corporation employee health plan.

3. This Court has federal question jurisdiction over the parties pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

4. Venue in this District is proper under 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1391, and L.R. 3.2. in the Eugene Division of the United States Court for the District of Oregon.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

5. Plaintiff hereby reincorporates and reasserts all above paragraphs.

6. In 2017 Farwest Steel Corporation began providing employee health benefits to plaintiff through a Providence Option Advantage Plus Health Plan, specifically described by group number 114611.

7. In 2017 Providence assigned Plaintiff member number 100412772-00 (old member number).

8. Plaintiff used this member number when receiving and paying for health benefits under the Providence Health Plan from January 2017 until December 2019.

9. Plaintiffs member ID number 100412772-00 incorrectly identified her as a male.

10. Plaintiffs member ID number 100412772-00 incorrectly identified her middle initial.

11. In 2017 and continuing through 2018 and 2019, Plaintiff reported these errors in her member number to providence.

12. In December 2019 after Plaintiff again reported the member number errors to Providence, Providence told Plaintiff that they had made an error in providing her member number.

Complaint - Page 2

Taylor & Tapper
400 E 2nd Ave, Suite 103
Eugene, OR 97401
Ph: (541) 485 – 1511 / Fax: (541) 264 - 4866

Case 6:20-cv-00224-MK    Document 1    Filed 02/11/20    Page 3 of 8

13. Providence advised Plaintiff member number 100412772-00 was a duplicate member number provided to both her and another Providence member.

14. As a result of the member number duplication, Providence revoked Plaintiffs member number and gave Plaintiff a new member number, specifically described as member number 113404759-00 (new member number).

15. Simultaneously with the revocation of her old member number and issuance of her new member number, Providence revoked all prior payments on all health services provided from January 2017 to December 2019 associated with the old member number.

16. Simultaneously with the revocation of her member number and issuance of her new member number, Providence resubmitted all prior billings for health services provided from January 2017 to December 2019 under the new member number.

17. This revocation and resubmission did not account for co-pays, discounts or previously reached out of pocket maximum payments for the years 2017, 2018 or 2019.

18. Providence did not advise Plaintiff of the revocation and resubmission. Plaintiff discovered the issue when she began receiving demands for payment and being billed for health services in 2019 despite having already paid her out of pocket maximum for the year.

19. As a result of the revocation and resubmission, Plaintiff has been receiving bills for services that were previously properly paid in 2017, 2018 and 2019.

20. As a result of the revocation and resubmission, Plaintiff has been receiving refunds for services that were previously properly paid in 2017, 2018 and 2019.

21. As a result of the revocation and resubmission, Plaintiff is being billed and refunded at different amounts than were previously paid because of provider discounts, price changes or other changes over the last 3 years.

22. As a result of the revocation and resubmission, Plaintiff is being threatened with denial of services by previously properly fully paid healthcare providers.

23. As a result of the revocation and resubmission, Plaintiff is having to reconstruct three years of insurance billings to try to make sure all providers are properly paid, and she is not personally liable for any unpaid services.

24. Plaintiff has repeatedly advised providence of the problems she was facing from the revocation and resubmission, Providence advised Plaintiff they will do nothing about it.

25. Plaintiff repeatedly advised Providence that she was receiving bills and refunds from previously paid providers, Providence advised Plaintiff to keep the refunds and/or use the refunds to pay the new bills.

<u>Claim 1: ERISA Claim for Breach of Fiduciary Duty 29 U.S. Code § 1109</u>

26. Plaintiffs hereby reincorporates and reasserts all above paragraphs.

27. Under ERISA, a fiduciary of an employee benefit plan must, among other fiduciary responsibilities: (a) discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A); (b) discharge its duties with respect to the plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent

man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B); and (c) discharge its duties with respect to the plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA, ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

28. Providence violated these fiduciary duties by;

    a. Assigning Plaintiff a duplicated member number,
    b. Revoking Plaintiffs member number without telling her,
    c. Revoking Payment on Plaintiffs previously and properly paid medical bills,
    d. Revoking Payment on Plaintiff previously and properly paid medical bills without giving plaintiff notice,
    e. Revoking and Resubmitting Plaintiffs previously and properly paid medical bills without accounting for previously paid co-pays, reductions or yearly out of pocket maximums, thereby causing Plaintiff to be improperly billed for previously properly paid services,
    f. Failing and refusing to assist Plaintiff when requested,
    g. Causing Plaintiff extreme stress and anxiety, and the causing Plaintiffs medical providers to consider stopping her medical services,
    h. Counseling Plaintiff to violate the plan documents and Oregon law by instructing her to keep unearned refunds from healthcare providers.

Case 6:20-cv-00224-MK   Document 1   Filed 02/11/20   Page 6 of 8

    i. Plaintiff reserves the right to add to these breaches of Providences fiduciary duty as the case continues.

29. Providence violated the terms of its own plan in some or all of the following ways;

    a. Plan section 2.3 provides that Providence will assist members in understanding and resolving issues with their health care. Plaintiff repeatedly called providence looking for help with this situation and was told providence would do nothing.

    b. Section 6.1 of the plan directs that payments will be made directly to providers. Due to the revocation and re-billing Plaintiff is receiving both bills and refunds, and has been instructed by Providence to pay providers directly.

    c. Section 6.1 provides that Plaintiff will receive an EOB for services within 30 days of the claim, due to the revocation and rebilling, Plaintiff is receiving EOBs from Providence for services from several years ago.

    d. Section 6.1 provides payments for services will be made within 30 days per OAR 836-080-0235, because of the revocation and rebilling, services are being paid years after being rendered.

    e. Among the member rights provided by Providence, Plaintiff had the right to;

        i. Be cared for by people who respect her dignity,

        ii. Be informed about the plan, benefits and services,

        iii. Actively participate in decisions that impact her health care,

        iv. Have access to medical services

        v. Express concern and receive timely response from Providence,

        vi. Have claims paid accurately and promptly,

  f. By revoking and rebilling three years of medical services, and putting the onus completely on Plaintiff to deal with the situation, Providence has violated i. – vi.

  g. Plaintiff reserves the right to add to these breaches of Providences contract as the case continues.

30. Plaintiff has been forced to hire an attorney and should be compensated Attorney Fees pursuant to 29 USC § 1132 (g).

Claim 2: ERISA Claim for Benefits 29 U.S.C. § 1132(a)(1)(B)

31. Plaintiff hereby reincorporates and reasserts all above paragraphs.

32. As a result of the revocation and resubmission Plaintiff is being personally billed for services previously properly accepted and paid for by Providence.

33. As a result of the revocation and resubmission Plaintiff previously properly paid plan services are not being paid in violation of 29 U.S.C. § 1132(a)(1)(B), in an amount to be determined at trial.

34. Plaintiff has been forced to hire an attorney and should be compensated Attorney Fees pursuant to 29 USC § 1132 (g).

Wherefore Plaintiff Demands

  a. Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), judgment against the Defendant unpaid benefits for medical expenses incurred by Plaintiff.

  b. An order pursuant to ERISA §§502(a)(1)(A) and 502(c)(1), 29 U.S.C. §§1132(a)(1)(A) and 1132(c)(1), requiring Defendant, to properly pay the previously paid amounts, and provide plaintiff a full accounting of all revocations, resubmissions, payments, refunds and other accountings related to these facts.

Complaint - Page 7

c. An order pursuant to ERISA §§502(a)(1)(A) and 502(c)(1), 29 U.S.C. §§1132(a)(1)(A) and 1132(c)(1), requiring Defendant, to indemnify and hold plaintiff harmless from personal liability associated with the revocation and resubmission of billings to Plaintiffs medical providers;

d. An award of penalties against the Defendant, in the amount of $100 per day pursuant to ERISA §§502(a)(1)(A) and 502(c)(1), 29 U.S.C. §§1132(a)(1)(A) and 1132(c)(1);

e. Pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), appropriate equitable relief against Defendant;

f. An award of Plaintiffs' attorney fees against Defendant pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

g. Any further relief which the court may deem appropriate,

DATED: February 11, 2020

                                                  **TAYLOR & TAPPER**

                                                  **/s/ Clinton L. Tapper**

Clinton L. Tapper
Taylor & Tapper
400 E 2nd, Suite 103
Eugene, OR 97401
Ph: 541-485-1511 / fax: 541-246-2424
Clinton@taylortapper.com